11-2172-ag
Windrawaty v. Holder

BIA
McManus, IJ
A099 605 214
A099 605 215

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> Circuit Judges.

_____

ERNY WINDRAWATY,
BAMBANG SURYONO BAKTIA INPUTRA,
*Petitioner*,

v.                                          11-2172-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        H. Raymond Fasano, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Jennifer A. Singer, Trial Attorney, Office of Immigration Litigation; U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Erny Windrawaty and Bambang Suryono Baktia Inputra, natives and citizens of Indonesia, seek review of an April 29, 2011 decision of the BIA affirming the May 21, 2009 decision of an Immigration Judge ("IJ"), which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Erny Windrawaty, Bambang Suryono Baktia Inputra,* Nos. A099 605 214/215 (B.I.A. Apr. 29, 2011), *aff'g* No. A099 605 214/215 (Immig. Ct. N.Y. City May 21, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's findings of

fact under the substantial evidence standard, "treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)). "We review *de novo* questions of law and the application of law to undisputed fact." *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Petitioners challenge only the agency's denial of withholding of removal based on their claim of a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. We conclude that the agency reasonably determined that Petitioners did not sustain their burden of demonstrating their eligibility for this form of relief. *See* 8 C.F.R. § 1208.16(b)(2).

Contrary to Petitioners' argument, the BIA did not rely exclusively on this Court's decision in *Santoso v. Holder*, 580 F.3d 110 (2d Cir. 2009), to find that they failed to show a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. Indeed, a review of the record indicates that, in finding that Petitioners failed to demonstrate systemic and pervasive persecution, the BIA referenced not only *Santoso v. Holder*, but also the country

3

conditions evidence in the record and the portion of the IJ's decision in which the IJ found that Windrawaty's testimony-that Indonesian police officers determined that she was at fault for colliding with a Muslim motorcyclist and ordered her to pay a fine-"standing alone," did not establish a pattern or practice of persecution. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Moreover, the agency reasonably found that Petitioners failed to establish a pattern or practice of persecution of ethnic Chinese or Christians in Indonesia. *See* 8 C.F.R. § 1208.16(b)(2). The agency here considered the evidence of conditions in Indonesia and reasonably found that the evidence in the record, which included several U.S. Department of State reports, indicated that the Indonesian government generally respected religious freedom, and had instituted reforms intended to promote religious and cultural tolerance. Furthermore, contrary to Petitioners' contention, the newspaper articles relied on in their brief do not evidence a rise in the level of persecution of

Chinese Christians in Indonesia; they merely describe indiscriminate terrorist attacks in Bali and other parts of Indonesia. Thus, in light of the record evidence, the agency reasonably found that Petitioners failed to demonstrate a pattern or practice of persecution against Chinese Christians in Indonesia. *See* 8 C.F.R. § 1208.16(b)(2).

Finally, we decline Petitioners' invitation to remand this case to the agency for a more precise statement of its pattern or practice standard. While we have encouraged the agency to elaborate upon the standard it applies in analyzing such claims, *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007), where, as here, "the [agency] explicitly discussed the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in [Petitioners'] homeland, we are able to reach the conclusion that the agency's decision was not erroneous," *Santoso*, 580 F.3d at 111 n.1.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5